UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS CORPORATION AND
SATURN CORPORATION,
        Plaintiffs,

                                                Case No. 07-14464

v.

                                                DISTRICT JUDGE VICTORIA A. ROBERTS
                                                MAGISTRATE JUDGE STEVEN D. PEPE

UNITED STATES OF AMERICA,
        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. #18)**
**AND**
**GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DKT. #19)**

On August 29, 2008, Plaintiffs moved to compel Defendant to produce certain documents

(Dkt. #18).  Defendants subsequently filed a motion for a protective order (Dkt. #19).  On

October 8, 2008, these motions were referred for hearing and determination pursuant to 28 U.S.C.

§ 636(b)(1)(A) (Dkt. #32).  A November 6, 2008, hearing was held on these matters at which

time all unresolved issues were addressed.

Plaintiffs bring this suit seeking a refund of Federal Insurance Contribution Act ("FICA")

taxes (*i.e.*, Social Security and Medicare taxes) it paid on bonuses provided to union members

upon ratification of collective bargaining agreements ("CBAs") with General Motors Company

("GM").  The key issue for this Court to determine is whether those bonuses are "wages" subject

to taxation under FICA, especially in light of two conflicting revenue rulings issued by the

Internal Revenue Service ("IRS") concerning taxation of signing bonuses: Revenue Ruling

58-145 and Revenue Ruling 2004-109.

1

Issued in 1958, Rev. Rul. 58-145 concluded that a contract signing bonus paid to a new baseball player was not wages for FICA purposes where it was not contingent on the performance of future services or continued employment.  Rev. Rul. 58-145 remained the IRS' interpretation of wages for more than 45 years.  Then in 2004, the IRS issued Rev. Rul. 2004-109, in which the agency revoked Rev. Rul. 58-145 and determined that contract signing bonuses were "wages" under FICA.  The IRS applied its new ruling prospectively to some taxpayers but retroactively to GM and its union members. [1]

Request 5 of GM's First Set of Document Requests sought production of the administrative file the IRS maintains on its denial of GM's claims for refund of the FICA taxes at issue here.  They also sought background documents on Rev. Rule 58-145 and Rev. Rule 2004-109 and the three revenue rules Rev. Rule 2004-109 revoked.  Finally they sought documents relating to IRS' consideration, interpretation and application of Rev. Rule 58-145 and Rev. Rule 2004-109.

Regarding Request 5 on the administrative file denying GM's claims for a refund, Defendant has produced some documents from the file but withheld others – either by not producing the documents or by producing them only in redacted form.  Defendant has not yet

---

[1]  Revenue Ruling 2004-109 states:

APPLICATION
Under the authority of section 7805(b), the Service will not apply the position adopted in this ruling to any signing bonus, sign-on fee, or similar amount paid to an employee in connection with the employee's initial employment with the employer pursuant to a sign-on agreement or other contract entered into before January 12, 2005, provided the amount is paid under facts and circumstances that are substantially the same as in Rev. Rul. 58-145 or Rev. Rul. 74-108.

2

provided a privilege log to GM or invoked any privileges over the documents. Defendant has, however, advised GM that Defendant intends to claim privilege for some of the withheld documents if the Court determines, as a threshold matter, that the documents are discoverable.

The parties have been unable to reach agreement about (i) whether the documents Defendant is withholding from the IRS administrative file are relevant or within the scope of permissible discovery, and thus (ii) whether Defendant should produce, or claim privilege for, documents Defendant is withholding from the file. GM asserts that the documents Defendant is withholding from the administrative file are relevant to several core issues in the case, including (i) whether the contract ratification bonuses are "wages" for FICA purposes; (ii) the degree of deference, if any, the Court should afford Revenue Ruling 2004-109, on which Defendant intends to rely; and (iii) whether the IRS abused its discretion in applying Revenue Ruling 2004-109 prospectively to certain taxpayers and retroactively to others, including GM and its union members. Defendant objects to GM's Request on the ground that documents sought are not admissible or reasonably calculated to lead to admissible evidence and are therefore beyond the scope of permissible discovery. Accordingly, Defendant maintains that the documents need not be produced and a privilege log (and appropriate declarations) need not be provided.

The undersigned ordered Defendant to submit for an *in camera* inspection all documents from the administrative file currently in dispute, which the parties represented at the hearing as 18 documents totaling approximately 273 pages. From reviewing these documents and the parties filings, it is understood that the position of the IRS is that Revenue Ruling 58-145 was revoked because it was wrong in its interpretation of the law. Other than an occasional elaboration of certain counter arguments that might be made to the IRS's position, and reasons

stating why it was believed such arguments were legally flawed, there is nothing in the submitted materials (1.) that is inconsistent with the IRS' opinion concerning the treatment of these bonuses or (2.) that would indicate that money GM paid to union members were not wages for purposes of FICA taxes.   Obviously the subject matter of these documents relate to the material issues involved in the case and arguments and analysis supporting IRS's position and detracting from it are relevant to a final determination of this case.  Yet, nothing in the arguments and analysis in the documents is unique and the bulk of it is cumulative and duplicative of the arguments and legal and factual analysis involved in this case.  Thus, it is determined that because the arguments and legal and factual analysis is thus otherwise available to Plaintiff, these documents should not be subject to discovery under Fed. R. Civ. P. 26(b)(2)(C).

Regarding the second purpose for which Plaintiff sought this discovery, there is nothing in the materials reviewed that would erode the normal deference Courts give to the formal rulings of administrative agencies.  Thus, it is found that these documents are not relevant under Fed. R. Evid. 401 and Fed. R. Civ. P. 26(b)(1) to this second issue.

Regarding the third purpose for which Plaintiff sought this discovery, there was nothing found in the Court's review of these documents that would indicate Revenue Ruling 2004-109 or its retroactive provisions were specifically targeted at the automobile companies, although it was acknowledged by the IRS that this revenue ruling would has a substantial impact on such companies.  Nor did the documents indicate any other matter suggesting that the IRS abused its discretion in applying Revenue Ruling 2004-109 prospectively to certain taxpayers and retroactively to others.  Thus, it is found that these documents are not relevant under Fed. R. Evid. 401 and  Fed. R. Civ. P. 26(b)(1) to this third issue.

4

As noted in footnote one above, Revenue Ruling 2004-109 states the new ruling does not apply to any signing bonuses "paid to an employee in connection with the employee's initial employment with the employer pursuant to a . . . contract entered into before January 12, 2005, provided the amount is paid under facts and circumstances that are substantially similar as in Rev. Rul. 58-145. . . ." It is the IRS's position that the bonuses at issue here were not limited to new employment but applied generally to existing union employees, and that the union members that received bonuses from GM were not similarly situated to those employees contemplated in Revenue Ruling 58-145 because these bonuses were paid in lieu of past or future wage increases, and thus the bonuses were for services performed.

Having reviewed the submitted materials in full, it is found for the reasons noted above that GM's Request 5 seeks information that is beyond the scope of discovery. Accordingly, GM's motion to compel is **DENIED** and Defendant's motion for a protective order is **GRANTED**. The documents submitted by defense counsel will be held until the objection period runs in case they are needed by Judge Roberts for review of this Order. When the documents are no longer needed, they will be returned to defense counsel.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

s/Steven D. Pepe _____

United States Magistrate Judge

Dated:  March 18, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 18, 2009.

S/V. Sims
Case Manager