UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS CORPORATION
and SATURN CORPORATION,                              Case No. 07-14464

                    Plaintiffs,                      Hon. Victoria A. Roberts

v.

UNITED STATES OF AMERICA,

                    Defendant.
_____/

## <u>ORDER</u>

## I.    INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Reconsideration. [Doc.

62].  The Court **GRANTS** the Motion in part.

## II.   BACKGROUND

Plaintiffs General Motors Corporation and Saturn Corporation filed this action on

October 19, 2007, to recover nearly $129 million in Federal Insurance Contributions Act

("FICA") taxes allegedly overpaid.  The FICA taxes stemmed from bonus payments paid

to Plaintiffs' union member employees upon ratification of certain collective bargaining

agreements.

On November 23, 2004, the IRS released Rev. Rul. 2004-109.  Rev. Rul. 2004-

109 revoked two prior revenue rulings and said that amounts an employer pays as

bonuses for signing or ratifying a contract in connection with the establishment of the

employer-employee relationship are wages for purposes of FICA.  Plaintiffs says the

1

IRS abused its discretion in applying Rev. Rul. 2004-109, 2004-2 C.B. 958,

prospectively to professional athletes, but retroactively to its union member employees.

Plaintiffs moved to compel the IRS to produce certain documents relating to the

interpretation, application and revocation of Rev. Rul. 2004-109; Plaintiffs called these

documents "Category 1" documents.  The Court denied the Motion.  Plaintiffs now move

the Court to reconsider, pursuant to E.D. Mich. L.R. 7.1(g)(3).

## III.   STANDARD OF REVIEW

A Court will grant a motion for reconsideration if the movant can (1) "demonstrate

a palpable defect by which the court and the parties have been misled," and (2) show

that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR

7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest,

or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing

*United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for

reconsideration that presents "the same issues already ruled upon by the court, either

expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3);

*Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).


## IV.   ANALYSIS

In denying Plaintiffs' Motion, this Court held that "[u]pon de novo review, the

Court's inquiry is limited to determining whether the retroactive application of Rev. Rul.

2004-109 to athletes and the prospective application to automaker employees was an

abuse of discretion and without a rational basis."  This statement contained a

typographical error that transposed the words "retroactive" and "prospective."  In fact,

the IRS applied Rev. Rul. 2004-109 retroactively to automaker employees and prospectively to professional athletes.  This error does not affect the Court's reasoning, and therefore, does not require a different disposition of the case.

GM and Saturn also argue that the Court distinguished *Wilson v. United States,* 588 F.2d 1168, 1172 (6th Cir. 1978) based on a misunderstanding that this case does not involve retroactive application of a regulation to pending litigation.  They say the *Wilson* court held that evidence that the IRS was trying to change settled law at the eleventh hour in order to defend against [a] taxpayer's claim is relevant to analysis of the retroactive application of a regulation or ruling.  This is an incorrect reading of *Wilson.*

In fact, the *Wilson* court discussed dicta in *Chock Full O'Nuts Corp. V. United States*, 453 F.2d 300, 303 (2nd Cir. 1971) in which the Second Circuit said the Commissioner could not take advantage of his power to promulgate retroactive regulations during the course of a litigation for the purpose of providing a defense based on the presumption of validity accorded to such regulations.  The *Wilson* court noted there was no allegation the amended regulation in that case was promulgated to obtain advantage in the lawsuit, inasmuch as the amendment was initially proposed in 1972 and the lawsuit was commenced in 1975.  Although GM and Saturn claim that Rev. Rul. 2004-109 was promulgated to strengthen the Government's position with respect to their refund claims, there was no actual pending litigation between GM, Saturn and the United States when Rev. Rul 2004-109 was published and released; this lawsuit was filed in 2007.  Moreover, as this Court noted in its original order, *Wilson* stated that regulations may be applied retroactively to pending litigation, subject to review for abuse

3

of discretion, and that this Court would conduct an abuse of discretion review.  There

was no factual misunderstanding requiring a different result.

**IV.     CONCLUSION**

The Court **GRANTS** the Motion in part.  The Court will issue a Corrected Opinion

and Order to correct the errors discussed above.

**IT IS ORDERED**.


s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 23, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 23, 2009.<br><br>s/Linda Vertriest<br>Deputy Clerk |